**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

THOMAS C. WALLS,

                Petitioner,                               Case Number: 2:06-CV-14203

v.                                                     HON. ARTHUR J. TARNOW

KENNETH ROMANOWSKI,

                Respondent.

                                           /

**OPINION AND ORDER STAYING PETITION FOR WRIT OF
HABEAS CORPUS AND ADMINISTRATIVELY CLOSING CASE**

Petitioner Thomas C. Walls, a state inmate currently incarcerated at the Gus Harrison Correctional Facility in Adrian, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his convictions for assault with intent to rob while armed, felon in possession of a firearm, possession of a firearm during the commission of a felony, and resisting and obstructing a police officer. Because the petition contains an unexhausted claim, the Court stays further proceedings pending exhaustion of that claim in state court and closes this matter for administrative purposes.

**I. Procedural History**

Following a jury trial in Oakland County Circuit Court, Petitioner was convicted of the above-listed offenses. On March 14, 2003, he was sentenced as a third habitual offender to 30 to 50 years imprisonment for the assault with intent to rob conviction, 5 to 15 years imprisonment for the felon-in-possession conviction, and 5 to 15 years imprisonment for resisting and obstructing a police officer, to be served concurrently with one another and consecutively to 2 years' imprisonment for each of the felony-firearm convictions.

Petitioner filed an appeal of right in the Michigan Court of Appeals, raising the following claim:

> The court erred reversibly in refusing to instruct on the lesser included offense of felonious assault when a rational view of the evidence supports that instruction.

The Michigan Court of Appeals affirmed Petitioner's convictions. *People v. Walls*, No. 251454 (Mich. Ct. App. Apr. 7, 2005).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising the same claim raised in the Michigan Court of Appeals and the following additional claim:

> The trial court erred reversibly, by allowing the introduction of hearsay (911-tapes) to be entered into evidence against the defendant.

The Michigan Supreme Court denied leave to appeal. *People v. Walls*, No. 128774 (Mich. May 5, 2006) (Cavanagh & Kelly, JJ. would grant leave to appeal).

Petitioner then filed the pending petition for a writ of habeas corpus, raising the following claims:

> I. The trial court erred when it refused to instruct on the lesser included offense of felonious assault when a rational view of the evidence supports that instruction.
>
> II. The prosecutor's closing arguments improperly shifted the burden of proof and set forth a personal belief in guilt thereby denying Petitioner a fair trial.

## II. Analysis

Respondent argues that the petition should be dismissed because Petitioner's second claim is unexhausted. The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A) and (c);

*O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court. *O'Sullivan*, 526 U.S. at 845. A prisoner "'fairly presents' his claims to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993). A Michigan petitioner must present each ground to both Michigan appellate courts before seeking federal habeas corpus relief. *See Mohn v. Bock*, 208 F.2d 796, 800 (E.D. Mich. 2002); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The petitioner bears the burden of showing that state court remedies have been exhausted. *Rust*, 17 F.3d at 160.

Petitioner admits that he has not presented his second claim of alleged prosecutorial misconduct in state court. That claim is, therefore, unexhausted.

Michigan Court Rules provide a process through which Petitioner may present his unexhausted claim. Petitioner may file a motion for relief from judgment pursuant to M.C.R. 6.500 *et seq.*, which allows the trial court to appoint counsel, seek a response from the prosecutor, expand the record, permit oral argument and conduct an evidentiary hearing on Petitioner's claim. Petitioner may appeal the trial court's disposition of his motion for relief from judgment to the Michigan Court of Appeals and Michigan Supreme Court. To obtain relief, he will have to show cause for failing to raise his unexhausted claim on his appeal of right to the Michigan Court of Appeals and resulting prejudice or a significant possibility of

innocence. *See* Mich. Ct. R. 6.508(D)(3). Petitioner's unexhausted claim should be addressed to, and considered by, the state courts in the first instance.

When a petitioner filed a mixed habeas petition, that is, one presenting exhausted and unexhausted claims, a district court has discretion to dismiss the petition without prejudice or to stay the matter and hold further proceedings in abeyance pending exhaustion of state court remedies. *Rhines v. Weber*, 544 U.S. 269, 277-279 (2005). However, the Supreme Court has cautioned that "stay and abeyance should be available only in limited circumstances." *Id.* at 277. The Court recognized that the "stay-and-abeyance" procedure addresses the problem presented when a petitioner files a timely but mixed petition in federal district court and the district court dismisses it under the rule requiring total exhaustion after the limitations period expires. Because the filing of a petition for habeas corpus in federal court does not toll the statute of limitations under 28 U.S.C. § 2244(d)(2), any subsequently filed habeas petition would be untimely. Recognizing the "gravity of this problem," the Supreme Court held that a federal court may stay a petition in federal court to allow the petitioner to present unexhausted claims in the state court and then return to federal court for review of his petition, provided that the petitioner has "good cause" for his failure to present the claims in state court and that the unexhausted claims are not "plainly meritless." *Id.*

Petitioner argues that his unexhausted claim was not presented in state court because his appellate attorney rendered ineffective assistance. An appellate attorney cannot be expected to raise his or her own ineffective assistance on appeal. *Combs v. Coyle*, 205 F.3d 269, 276 (6th Cir. 2000). Thus, the Court finds that Petitioner has asserted good cause for failing previously to

4

present this claim in state court. In addition, the Court finds that this claim is not "plainly meritless" and that Petitioner has not engaged in intentionally dilatory tactics. *See Rhines*, 544 U.S. at 277-78. Therefore, the Court shall stay further proceedings in this matter pending Petitioner's exhaustion of the unexhausted claim.

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Id.* at 278. To ensure that Petitioner does not delay in exhausting his state court remedies, the Court imposes upon Petitioner time limits within which he must proceed. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). Petitioner must present his claims in state court within sixty days from the date of this Order. *See id.* Further, he must ask this Court to lift the stay within sixty days of exhausting his state court remedies. *See id.* "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Id.* at 781.

### III. Conclusion

Accordingly, **IT IS ORDERED** that further proceedings in this case are stayed pending exhaustion of state court remedies. If Petitioner fails to file a motion for relief from judgment with the state trial court within **sixty days** from the date of this order, the Court will dismiss the petition for writ of habeas corpus without prejudice. Petitioner shall file a motion to lift the stay and an amended petition in this Court within **sixty days** after the conclusion of the state court proceedings. If Petitioner files an amended petition, Respondent shall file an answer addressing the allegations in the petition in accordance with Rule 5 of the Rules Governing Section 2254

Walls v. Romanowski, No. 06-14203

Cases in the United States District Courts within **sixty days** thereafter.

It is further **ORDERED** that, to avoid administrative difficulties, the Clerk of Court close this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal of this matter. Upon receipt of a motion to lift the stay following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.


S/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated: July 28, 2008


I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on July 28, 2008, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary