UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS C. WALLS,

        Petitioner,        Case Number: 2:06-CV-14203

v.        HON. ARTHUR J. TARNOW

KENNETH ROMANOWSKI,

        Respondent.
                              /

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS
CORPUS AND GRANTING IN PART A CERTIFICATE OF APPEALABILITY**

Petitioner Thomas C. Walls has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his convictions for assault with intent to rob while armed, felon in possession of a firearm, possession of a firearm during the commission of a felony, and resisting and obstructing a police officer. He challenges his convictions on the grounds that the trial court erred in refusing to instruct the jury on felonious assault, the prosecutor committed misconduct, trial and appellate counsel were ineffective, and the cumulative effect of the errors violated his right to a fair trial. Respondent, through the Attorney General's Office, has filed an answer in opposition to the petition arguing that the claims are meritless and procedurally defaulted.

**I.    Facts**

Petitioner's convictions arise from an incident outside a Kentucky Fried Chicken in Ferndale, Michigan, on April 21, 2002. Charisse Dorty testified that she worked at the Kentucky Fried Chicken and that Petitioner worked there until relatively recently. On April 21, 2002, after the restaurant closed, Dorty saw Petitioner in the parking lot, standing beside a parked car.

Walls v. Romanowski, No. 06-14203

Petitioner was leaning into the driver's side and wore a bandana on his head and one covering part of his face. Dorty testified that Petitioner had something silver in his hand, which she believed was a handgun. She saw Petitioner and two other men run across the street to a parked van. The van was then driven away, however, Dorty was not sure whether the three men entered the vehicle before it was driven away.

Lawan Grimes testified that, on April 21, 2002, she was the manager of the Kentucky Fried Chicken restaurant. Earlier in the month, she fired Petitioner. That evening, Grimes' brother-in-law, Rodrico Grimes, was waiting for her in the parking lot. Rodrico had driven Lawan's vehicle to the restaurant. Peering into the parking lot at Dorty's urging, Lawan saw Petitioner leaning into the driver's side of her vehicle with his face partially covered by a scarf. Lawan saw a gun in Petitioner's hand, so she immediately called the police. Lawan testified that, after several moments, Petitioner walked away from the parking lot and then ran across the street to a waiting van.

Rodrico Grimes testified that he drove to Kentucky Fried Chicken in his sister-in-law's car on the evening of April 21, 2002. While waiting in the parking lot, Petitioner approached the driver's side of the vehicle, carrying a gun. Rodrico testified that Petitioner pointed the gun at him, ordered him to roll down his window, and demanded money. Rodrico told Petitioner that he had no money. Petitioner then walked away from the vehicle. Rodrico saw three other men running across the road.

Police officer Adam Daniels testified that he was employed by the Detroit Police Department and that he and his partner, Mark Busch, were alerted to an armed robbery in their

Walls v. Romanowski, No. 06-14203

patrol area. They saw two individuals matching the description given by dispatch. As their police vehicle pulled up alongside the two men, both men ran. Officer Daniels testified that one of the men, later identified as Petitioner, tossed a gun and knife as he ran. After Petitioner was detained, Officer Daniels recovered the gun and knife. Officer Daniels testified that he secured the handgun and that it was not loaded.

Officer James Ture of the Ferndale Police Department testified that he assisted in Petitioner's arrest. Officer Ture testified that he secured the handgun tossed by Petitioner and that the weapon had one round in it. The trial testimony did not resolve the apparent conflict between Officer Daniels' and Officer Ture's testimony regarding who secured the weapon and whether it was loaded.

Detective Thull of the Ferndale Police Department testified that he interrogated Petitioner the day after the incident. Detective Thull testified that, after advising Petitioner of his *Miranda* rights, Petitioner admitted to carrying the handgun and signed a written statement admitting the same. Detective Thull further testified that Petitioner denied pointing the gun at Rodrico Grimes and that the gun remained in Petitioner's waistband the entire time. Petitioner theorized that Grimes may have glimpsed the gun when he bent over to talk to Grimes.

Petitioner did not testify.

## II. Procedural History

Following a jury trial in Oakland County Circuit Court, Petitioner was convicted of assault with intent to rob while armed, felon in possession of a firearm, possession of a firearm during the commission of a felony, and resisting and obstructing a police officer. On March 14,

Walls v. Romanowski, No. 06-14203

2003, he was sentenced as a third habitual offender to 30 to 50 years' imprisonment for the assault with intent to rob conviction, 5 to 15 years' imprisonment for the felon-in-possession conviction, and 5 to 15 years' imprisonment for resisting and obstructing a police officer, to be served concurrently with one another and consecutively to 2 years' imprisonment for each of the felony-firearm convictions.

Petitioner filed an appeal of right in the Michigan Court of Appeals, raising the following claim:

> The court erred reversibly in refusing to instruct on the lesser included offense of felonious assault when a rational view of the evidence supports that instruction.

The Michigan Court of Appeals affirmed Petitioner's convictions. *People v. Walls*, No. 251454 (Mich. Ct. App. Apr. 7, 2005).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising the same claim raised in the Michigan Court of Appeals and the following additional claim:

> The trial court erred reversibly, by allowing the introduction of hearsay (911-tapes) to be entered into evidence against the defendant.

The Michigan Supreme Court denied leave to appeal. *People v. Walls*, No. 128774 (Mich. May 5, 2006).

Petitioner then filed a petition for a writ of habeas corpus, raising the following claims:

I. The trial court erred when it refused to instruct on the lesser included offense of felonious assault when a rational view of the evidence supports that instruction.

II. The prosecutor's closing arguments improperly shifted the burden of proof and set forth a personal belief in guilt thereby denying Petitioner a fair trial.

4

Walls v. Romanowski, No. 06-14203

Petitioner did not exhaust his state court remedies for his prosecutorial misconduct claim. The Court, therefore, stayed the petition to allow Petitioner to fulfill the exhaustion requirement.

Petitioner filed a motion for relief from judgment in the trial court, raising these claims:

I.  The prosecution's closing arguments improperly shifted the burden of proof setting forth his personal belief in the defendant's guilt, while making derogatory and prejudicial inferences that defendant admitted his faults in the crime thereby depriving defendant of constitutional right to remain silent.

II. Defendant was deprived of his constitutional right to the effective assistance of trial counsel for failure to object to the prosecution's personal belief in defendant's guilt, burden shifting arguments and prosecutorial misconduct by commenting on defendant's right to remain silent.

III. Defendant was deprived of his constitutional right to effective assistance of appellate counsel, for failure to raise the claims stated in this motion, visit defendant, advise or consult defendant before filing appellate issues, refusal to respond to defendant' repeated request to go over specific appellate issues as well as refusal to respond to defendant's grievances filed against counsel, and filing defendant's appellate brief after defendant had filed a grievance and sought new appointed counsel.

The trial court denied relief from judgment. *People v. Walls*, No. 02-184922 (Oakland County Circuit Court Nov. 14, 2008). Petitioner's applications for leave to appeal were denied by the Michigan Court of Appeals and Michigan Supreme Court. *People v. Walls*, No. 290108 (Mich. Ct. App. Apr. 15, 2009); *People v. Walls*, No. 138924 (Mich. Nov. 23, 2009).

The Court then granted Petitioner's request to reopen his habeas proceedings. Petitioner raises these claims:

I.  The prosecutor's closing arguments improperly shifted the burden of proof and set forth a personal belief in guilt thereby denying Petitioner a fair trial.

II. Petitioner was deprived of his right to the effective assistance of counsel for failure to object to the prosecution's personal belief in Petitioner's guilt, burden

5

shifting arguments and prosecutorial misconduct by commenting on Petitioner's right to remain silent.

III. Petitioner was denied the right to the effective assistance of appellate counsel for failure to raise the claim stated in this petition, visit Petitioner, advise or consult Petitioner before filing appellate issues, refusal to respond to Petitioner's repeated request to go over specific appellate issues as well as refusal to respond to Petitioner's repeated grievances filed against counsel, and filing Petitioner's appellate brief after Petitioner has filed a grievance against counsel.

IV. The cumulative effects of the prosecutor's burden shifting closing arguments, ineffective of trial and appellate counsel deprived Petitioner of his constitutional right to a fair trail and appeal.

V. The trial court erred when it refused to instruct on the lesser included offense of felonious assault when a rational view of the evidence supports that instruction.

VI. The trial court decision denying Petitioner's claims for relief on all the issues in his state court motion resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court and the decision by trial court was based on an unreasonable determination of the facts in light of the evidence presented in the State Courts.

Respondent has filed an answer in opposition, arguing that the claims are procedurally defaulted and meritless.

**III. Standard**

28 U.S.C. § 2254(d) provides:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)). "[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413). However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. __, 131 S. Ct. 770, 789 (2011), (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). "Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal. . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the

Walls v. Romanowski, No. 06-14203

claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786-87 (internal quotation omitted).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams,* 529 U.S. at 412. Section 2254(d) "does not require citation of [Supreme Court] cases – indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002). "[W]hile the principles of "clearly established law" are to be determined solely by resort to Supreme Court rulings, the decisions of lower federal courts may be instructive in assessing the reasonableness of a state court's resolution of an issue." *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007), *citing Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002).

Lastly, a federal habeas court must presume the correctness of state court factual determinations. See 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

**IV.     Discussion**

    **A.     Prosecutorial Misconduct**

Petitioner's first through fourth and sixth habeas claims relate to the prosecutor's closing arguments. He argues that the prosecutor, in rebuttal, improperly shifted the burden of proof and

8

Walls v. Romanowski, No. 06-14203

set forth a personal belief in Petitioner's guilt. He further argues that his trial attorney was ineffective in failing to object to the remarks and appellate counsel was ineffective for failing to raise this issue on direct appeal. Finally, Petitioner argues that the cumulative effect of these errors denied him his right to a fair trial.

Respondent argues that these claims are procedurally defaulted. "[F]ederal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits." *Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir. 2003), *citing Lambrix v. Singletary*, 520 U.S. 518, 525 (1997). "Judicial economy might counsel giving the [other] question priority, for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law." *Lambrix*, 520 U.S. at 525. In this case, the Court finds that the interests of judicial economy are best served by addressing the merits of Petitioner's claims.

The "clearly established Federal law" relevant to a habeas court's review of a prosecutorial misconduct claim is the Supreme Court's decision in *Darden v. Wainwright*, 477 U.S. 168, 181 (1986). *Parker v. Matthews*, __ U.S.__, 132 S. Ct. 2148, 2153, (June 11, 2012). In *Darden*, the Supreme Court held that a "prosecutor's improper comments will be held to violate the Constitution only if they 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Id.* (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)). This Court must ask whether the Michigan Court of Appeals' (which, despite finding the claims not properly preserved, nevertheless, denied them on the merits) decision denying Petitioner's prosecutorial misconduct claims "'was so lacking in justification that there was an

9

Walls v. Romanowski, No. 06-14203

error well understood an comprehended in existing law beyond any possibility for fairminded disagreement.'" *Parker*, __ U.S. at __, 132 S. Ct. at 2155, (quoting *Harrington*, 562 U.S. at __, 131 S. Ct. at 786-87.

First, Petitioner argues that the prosecutor shifted the burden of proof. He identifies the following portions of the prosecutor's closing argument as improper:

> You know, the fact of defendant's statement, and we have all this . . . that there wasn't a mask, that there was a mask, this or that, when you look at his statement and it brings to mind the adage that sometimes people admit the small faults and hope that you forgive them for the big ones that they do.
>
> . . .
>
> We know that Mr. Walls had a long time to think about this story, he's picked up at midnight, we know that he was interviewed by Detective Thull at five o'clock the next day. A lot of time to sit around and think about what you're gonna tell the police.
> Mr. Walls had that opportunity to sit for hour upon hour to decide what he was gonna say. The other three witnesses that testified, the People's witnesses, they didn't.

Tr., 6/2/3, 46-47.

The trial court denied these claims in its decision denying relief from judgment and that is the last reasoned state court opinion on these claims. The trial court found no misconduct, holding that the prosecutor's rebuttal was a proper, direct response to defense counsel's attempt to impeach and discredit certain prosecution witnesses by portraying them as confused about certain issues, such as how many people were involved and whether a hat, mask, or bandana was used by the perpetrator. The trial court also found that the prosecutor's reference to Petitioner's own statements was not an attempt to shift the burden of proof or otherwise improper. The trial

Walls v. Romanowski, No. 06-14203

court reasoned that the Petitioner's statements were properly admitted and that the prosecution was free to comment on those statements and the credibility of those statements.

"[P]rosecutors can argue the record, highlight the inconsistencies or inadequacies of the defense, and forcefully assert reasonable inferences from the evidence." *Bates v. Bell*, 402 F.3d 635, 646 (6th Cir.2005). The prosecutor's rebuttal did just that. It was not improper for the prosecutor to attempt to explain why certain eyewitnesses' testimony may have been inconsistent; nor was it improper for the prosecutor to contrast the eyewitnesses' statements, given near in time to the incident, with Petitioner's statements, given after time for reflection. The prosecutor's argument did not shift the burden of proof. The argument was a reasonable response to defense counsel's closing. Thus, this Court finds that the state court's decision that no prosecutorial misconduct occurred was not "so far out of line with the very general standard" established in *Darden* as to entitle Petitioner to habeas relief. *Davis v. Lafler*, 658 F.3d 525, 535 (6th Cir. 2011) (en banc).

Next, Petitioner argues that his trial attorney was ineffective in failing to object to the prosecutor's argument and that appellate counsel was ineffective in failing to raise this issue on appeal. To establish that he received ineffective assistance of counsel, a petitioner must show, first, that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced the petitioner. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A petitioner may show that counsel's performance was deficient by establishing that counsel's performance was "outside the wide range of professionally competent assistance." *Id.* at 689. This "requires a

11

Walls v. Romanowski, No. 06-14203

showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* at 687.

To satisfy the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. A court's review of counsel's performance must be "highly deferential." *Id.* at 689. Habeas relief may be granted only if the state-court decision unreasonably applied the standard for evaluating ineffective-assistance-of-counsel claims established by *Strickland*. *Knowles v. Mirzayance*, 556 U.S. 111, 122-23 (2009). "The question is not whether a federal court believes the state court's determination under the *Strickland* standard was incorrect but whether that determination was unreasonable – a substantially higher threshold." *Id.* at 123 (internal quotation omitted).

The state court denied Petitioner's ineffective assistance of counsel claims based upon its holding that the prosecutor did not commit misconduct. Counsel is not required to raise meritless objections, and appellate counsel is not required to raise meritless claims. Given this Court's holding that Petitioner failed to show prosecutorial misconduct, the trial court's denial of Petitioner's ineffective assistance of counsel claims is a reasonable application of *Strickland*. Nevertheless, the Court will briefly address Petitioner's ineffective assistance of appellate counsel claim.

Petitioner argues that appellate counsel was ineffective in failing to raise the prosecutorial misconduct issue on appeal. In addition, Petitioner complains that appellate

counsel failed to meet with him personally and failed to apprise him of the progress of his appeal. He filed a complaint with the Michigan Appellate Assigned Counsel System (MAACS). In 2005, MAACS held that appellate counsel failed to represent Petitioner in accordance with the Minimum Standards for Indigent Criminal Appellate Defense Services, by failing to personally interview Petitioner or to keep him apprised of the progress of his case. *See* Complaint Determination, 3/24/05, attached to petition as appendix "A." Despite appellate counsel's obviously sub-par performance (which satisfies *Strickland's* first prong), habeas relief is not warranted on this claim because Petitioner fails to satisfy *Strickland*'s prejudice prong. As discussed, Petitioner cannot establish ineffective assistance where counsel failed to raise a meritless claim. In addition, while the Court is dismayed by appellate counsel's failure to consult with her client, Petitioner does not identify nor does the Court discern any claims counsel should have raised which would have had even a small chance of success on appeal. Thus, while counsel's conduct fell below the minimum standards, it was not *constitutionally* ineffective and habeas relief is denied.

Finally, Petitioner argues that the cumulative effect of the prosecutorial misconduct-related claims denied him his right to a fair trial. The cumulative weight of alleged constitutional trial errors in a state criminal proceeding does not warrant federal habeas relief because there is no clearly established federal law permitting or requiring the cumulation of distinct constitutional claims to grant habeas relief. *Moore v. Parker*, 425 F.3d 250, 256 (6th Cir. 2005). Therefore, habeas relief is denied on this claim.

Walls v. Romanowski, No. 06-14203

### B. Jury Instruction

Petitioner next seeks habeas corpus relief on the ground that the trial court erred in refusing to instruct the jury on the lesser included offense of felonious assault.

"In a criminal trial, the State must prove every element of the offense, and a jury instruction violates due process if it fails to give effect to that requirement. Nonetheless, not every ambiguity, inconsistency, or deficiency in a jury instruction rises to the level of a due process violation." *Middleton v. McNeil*, 541 U.S. 433, 437 (2004) (internal citation omitted). An erroneous jury instruction warrants habeas corpus relief only where the instruction "'so infected the entire trial that the resulting conviction violates due process.'" *Estelle v. McGuire*, 502 U.S. 62, 72 (1991), (quoting *Cupp v. Naughten*, 414 U.S. 141, 147 (1973)). "[I]t must be established not merely that the instruction is undesirable, erroneous, or even 'universally condemned,' but that it violated some [constitutional] right." *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974). The jury instruction "'may not be judged in artificial isolation,' but must be considered in the context of the instructions as a whole and the trial record." *Estelle*, 502 U.S. at 72 (quoting *Cupp*, 414 U.S. at 147).

The Eighth Amendment and the Due Process Clause require that a trial court instruct the jury on lesser included offenses in the context of a capital case. *See Beck v. Alabama*, 447 U.S. 625, 637-38 (1980) (holding that a trial court is required to instruct on lesser included offenses where the failure to do so would result in the jury being given an "all or nothing" choice of convicting on the capital charge or acquitting the defendant). However, "the Constitution does not requires a lesser-included offense instruction in non-capital cases." *Campbell v. Coyle*, 260

Walls v. Romanowski, No. 06-14203

F.3d 531, 541 (6th Cir. 2001). As the Sixth Circuit has noted, even where a lesser offense instruction is requested, the failure of a court to instruct on a lesser included or cognate offense in a non-capital case is generally "not an error of such magnitude to be cognizable in federal habeas corpus review." *Bagby v. Sowders*, 894 F.2d 792, 797 (6th Cir. 1990) (en banc); *see also, Scott v. Elo*, 302 F.3d 598, 606 (6th Cir. 2002). Because there is no clearly established Supreme Court law which requires the giving of a requested lesser offense instruction in the non-capital context, as is required for habeas relief under § 2254(d)(1), habeas relief is denied on this claim. *See Samu v. Elo*, 14 F. App'x 477, 479 (6th Cir. 2001); *Kuroda v. Bell*, No. 2:07-CV-12310, 2007 WL 1657410, at *2 (E.D. Mich. June 7, 2007) (Cohn, J.); *Adams v. Smith*, 280 F. Supp. 2d 704, 717 (E.D. Mich. 2003) (Tarnow, J.).

## V.  Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (citation omitted).

Walls v. Romanowski, No. 06-14203

The Court concludes that reasonable jurists could debate its holding on Petitioner's claim that his appellate attorney was ineffective. Thus, the Court grants a COA as to that issue, and denies a COA as to the remaining issues.

## VI. Conclusion

For the reasons stated, the Court **DENIES** the petition for a writ of habeas corpus. The Court **GRANTS** a certificate of appealability for Petitioner's ineffective assistance of appellate counsel claim, and **DENIES** a certificate of appealability for Petitioner's remaining claims.

**SO ORDERED**.


S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: January 18, 2013

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on January 18, 2013, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Assistant